UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION

| | | | |
|---|---|---|---|
| IN RE: | ) | CASE No. | 21-20365 (JJT) |
| | ) | | |
| CARL BERMAN, | ) | CHAPTER | 13 |
|     Debtor. | ) | | |
| | ) | RE: ECF Nos. | 108, 110, 118 |

**MEMORANDUM OF DECISION
ON DEBTOR'S MOTION TO DISBURSE COMMISSION**

I. INTRODUCTION

The Debtor, Carl Berman, is the sole member of NAI Elite, LLC ("NAI Elite"), a non-debtor commercial real estate services company. In the instant Motion for Permission to Disburse Commission, the Debtor seeks this Court's permission, pursuant to 11 U.S.C. § 105, to disburse a real estate closing commission ("Commission") allegedly due to Mr. Hugh Schnip—an independent contractor of the non-debtor entity, NAI Elite—for his work done in connection with the sale of certain real property. ECF No. 108 ("Motion"). John Lockhart, a creditor holding a judgment that is allegedly secured by a prejudgment remedy ("PJR") against the assets of both the Debtor and NAI Elite, objected to the Motion, principally arguing that it is Lockhart, not Schnip, that is entitled to the Commission by virtue of the PJR.[1] ECF No. 110 ("Objection").

On May 17, 2022, the Debtor and Mr. Schnip testified during a hearing on the Motion and Lockhart's Objection thereto. Although the testimony elicited and the arguments advanced at the hearing focused on the relationship between the Debtor, Mr. Schnip, and NAI Elite, as well as the parties' respective rights in the Commission, the threshold issue this Court must address is

---

[1] See *Lockhart v. NAI Elite, LLC et al.*, Docket No. HHD-CV18-6098616 ("PJR Action").

whether the Court has the authority to order the disbursement of the Commission, given that the Commission is not property of the estate, that the underlying dispute is between non-debtor parties, and that the Debtor conceded that neither he nor his bankruptcy estate would have rights to the Commission, unless and until the business of NAI Elite was dissolved and completely wound-up. For the reasons that follow, the Court finds that it lacks subject matter jurisdiction to address the instant Motion.

II. UNDISPUTED FACTS

In anticipation of the hearing on the Motion, the Debtor, John Lockhart, and the Chapter 13 Trustee filed a Joint Stipulation of Facts. ECF No. 138. The following undisputed facts are derived from the parties' stipulated facts, as well as the Court's judicial notice of the referenced state court proceedings, and those undisputed facts advanced at the hearing, briefs or set forth in the Debtor's Petition and Schedules.

1. On April 14, 2021, the Debtor filed a petition under Chapter 13 of the Bankruptcy Code.
2. The Debtor is the sole member of NAI Elite.
3. NAI Elite is a licensed commercial real estate broker operating in the State of Connecticut.
4. NAI Elite is not a co-debtor in this bankruptcy proceeding nor has it filed for bankruptcy relief.
5. The Debtor listed his 100% membership interest in NAI Elite as an asset of his Chapter 13 bankruptcy estate and valued his interest in NAI Elite at $1.00. ECF No. 27, p. 10.
6. John Lockhart has a judgment against the Debtor and NAI Elite in the principal amount of $32,757.50, plus attorney's fees of $68,831.24, costs of $2,293.72 and interest at the rate of 12% accruing as of such date that is seven days after the unpaid commissions were received by

the Debtor and NAI Elite ("Judgment"). The Judgment entered in the matter of *Lockhart v. NAI Elite, LLC et al.*, Docket No. HHD-CV18-6098616 ("PJR Action") is final.

7. On November 25, 2020, Mr. Lockhart was granted a prejudgment attachment in the face amount of $156,431.00 on the assets of the Debtor and NAI Elite.

8. Mr. Lockhart filed a Proof of Claim in the instant proceeding in the amount of $115,859.11, the basis of which is the Judgment entered in the PJR Action. Proof of Claim No. 4.

9. On October 19, 2021, the Debtor filed an Amended Motion for Permission to Dissolve NAI Elite, LLC, whereby the Debtor is seeking to wind-up the affairs of that company with all residual assets, if any, being ultimately vested in the Debtor. ECF No. 75.

10. Hugh Schnip is a licensed commercial real estate salesperson and has been an independent contractor of NAI Elite for 9 years.

11. NAI Elite was the licensed listing broker of the commercial real property commonly known as 841 Route 32, Franklin, Connecticut ("Property").

12. An Exclusive Right to Sell Agreement was entered into between the Seller of the Property, Hilltop Realty, LLC, and NAI Elite. Mr. Schnip signed the agreement on behalf of NAI Elite and represented the Seller in the transaction. There is no separate contract for a Commission due upon sale between the Seller and Mr. Schnip.

13. The sale of the Property earned NAI Elite a gross commission of $80,000 ("Sale Proceeds"). The sale to the Buyer closed in December of 2021.

14. The Commission is currently being held by Greene Law, P.C. under an oral "escrow arrangement" between counsel in response to an order for the prejudgment attachment that

entered in the PJR Action and was allegedly served upon all entities that had properties listed on NAI Elite's website.[2]

15. Mr. Schnip claims entitlement to the Commission, representing $52,000 worth of the Sale Proceeds, based upon a percentage of commissions due pursuant to an Independent Contractor Agreement entered into by Mr. Schnip and NAI Elite, as well as the Exclusive Right to Sell Agreement that sets forth a 5% broker fee agreement.

16. Mr. Lockhart claims entitlement to the Commission based upon the PJR Judgment and his attachment in the amount of $156,431.00.

17. The Debtor has proposed that any proceeds he might receive in the dissolution of NAI Elite would be dedicated to fund his Chapter 13 plan of reorganization. ECF No. 75.

18. The Debtor, however, admitted at the hearing that such proceeds do not belong to him, and that before any proceeds might reach him, the creditors of NAI Elite, including Mr. Lockhart as a judgment creditor, would have to be satisfied consistent with Connecticut LLC dissolution laws. Hence, the likelihood of any of these proceeds funding the Chapter 13 case is illusory.

III.  DISCUSSION

"While § 105(a) of the Bankruptcy Code allows a bankruptcy court to issue any order necessary to carry out the provisions of the Code, it 'does not provide an independent source of federal subject matter jurisdiction.'" *In re W.R. Grace & Co.*, 591 F.3d 164, 170–71 (3d Cir. 2009) (quoting *In re Combustion Eng'g, Inc.*, 391 F.3d 190, 225 (3d Cir. 2004)). Accordingly, before this Court may reach the merits of the Debtor's request to disburse the Commission under § 105, it must first establish that it has subject matter jurisdiction to accord the relief requested.

---

[2] This Court takes no position as to the legal effect of that prejudgment attachment when served, or as to the terms and conditions of the oral (between legal counsel) escrow arrangement for the preservation of such monies pending resolution of disputed entitlements.

*Id*; *see also Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.").

The foundation of the Bankruptcy Courts' jurisdiction is found at 28 U.S.C. § 1334, which provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 11 U.S.C. § 1334(b). Section 157(b) of Title 28, in turn, provides that, upon referral from the district court, "Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11." 28 U.S.C. § 157(b). This matter admittedly is not a core proceeding. Bankruptcy judges may also hear "a proceeding that is not a core proceeding but that is otherwise related to a case under title 11" pursuant to 28 U.S.C. § 157(c)(1). This Court's jurisdiction must therefore "be based on the 'arising under,' 'arising in,' or 'related to' language of §§ 1334(b)" and 157(b) and (c). *Celotex Corp. v. Edwards*, 514 U.S. 300, 307 (1995).

"'Arising under' jurisdiction exists where one invokes a substantive right created by federal bankruptcy law." *In re Radcliffe*, 317 B.R. 581, 589 (Bankr. D. Conn. 2004) (citing *In re Housecraft Indus. USA, Inc.*, 310 F.3d 64, 70 (2d Cir. 2002)); *see also In re Colbert*, 117 B.R. 51, 53 (Bankr. D. Conn. 1990) ("For a proceeding to arise under title 11, the relief sought must be based on a provision of title 11."). Here, the Debtor seeks permission, pursuant to 11 U.S.C. § 105, to disburse property belonging to a non-debtor party to another non-debtor party. Section 105 of the Bankruptcy Code does not, however, create a substantive right of the Debtor to remit a portion of a non-debtor's assets to a separate non-debtor party where the Debtor has explicitly disclaimed an interest in the assets at issue. The Court therefore finds that the instant proceeding

5

does not arise under title 11 because the relief requested in the Debtor's Motion is not based on a provision of title 11.

"Arising in proceedings are those that are not based on any right expressly created by title 11, but, nevertheless, would have no existence outside of the bankruptcy." *Radcliffe*, 317 B.R. at 589 (citations omitted). Here, the dispute before the Court boils down to a contest between non-debtor parties as to their respective rights in non-estate property in which the Debtor has no interest. This is a proceeding that can, and should, be decided in the PJR Action. Accordingly, the Court finds that the instant proceeding also does not arise in a case under title 11 because the action does not depend on the Debtor's bankruptcy case.

Lastly, a "proceeding is related to a bankruptcy case if its outcome could conceivably have any effect on the estate being administered in bankruptcy." *Colbert*, 117 B.R. at 53. "As a general matter, proceedings that are 'related to' cases under title 11 are considered 'non-core' proceedings." *Marah Wood Prods., LLC v. Jones*, 534 B.R. 465, 473 (D. Conn. 2015). "An action between nondebtors is regarded as related to a bankruptcy case if its outcome would affect the amount of property available for distribution to the creditors of the bankruptcy estate or the allocation of property among such creditors, or if the resolution of the action would alter the debtor's rights or liabilities, such civil proceeding will be regarded as related to the bankruptcy case." *In re County Schools, Inc.*, 163 B.R. 424, 429 (Bankr. D. Conn. 1994) (citation omitted). "Broadly worded as that is, however, related-to jurisdiction is not without limitation." *In re W.R. Grace & Co.*, 591 F.3d at 171 (internal quotations and citations omitted).

Despite his aspirations, the Debtor here has no conceivable interest—even as an expectancy—in the Commission which is the subject of this proceeding. The dispute is between non-debtor parties over non-estate property that either Mr. Schnip is entitled to under the

6

brokerage/sale agreement or that Mr. Lockhart is entitled to by virtue of the Judgment and/or PJR. Should NAI Elite dissolve and wind-up its affairs, it will be NAI's creditors that will be paid with NAI's assets before any distribution would be made to the Debtor as the sole member. *See* Conn. Gen. Stat. § 34-267f(a) ("In winding up its activities and affairs, a limited liability company shall apply its assets to discharge its obligations to creditors, including members that are creditors.").

The Debtor has conceded that, "[w]ith the exception of Mr. Lockhart, NAI Elite does not have any creditors," and that the Debtor "is willing to accept the assets of NAI Elite subject to any and all valid claims of Mr. Lockhart." Amended Motion to Dissolve NAI Elite, ECF No. 75. Based on the representations made by the Debtor in his original petition, any proper wind-up of NAI Elite would not benefit any creditor other than Mr. Lockhart, whose Judgment against NAI far exceeds the value of NAI's assets.[3] Given the record before the Court, it is not "conceivable" that the Commission will come in as property of the estate and have an effect on the estate's administration. Given the foregoing, the Court finds that the instant proceeding is not related to a case under title 11 and that the Court is without subject matter jurisdiction to proceed further.[4]

---

[3] In his Schedules the Debtor claimed an interest in three of NAI Elite's bank accounts with a combined total value of $ 143,629.03. *See* ECF No. 1, p. 12. In the face of an Objection to Claimed Exemptions filed by the Trustee, the Debtor subsequently amended his Petition and Schedules to remove NAI Elite's bank accounts as property in which he has an interest. ECF No. 27, p. 12.

[4] Even if this Court were to find this proceeding to be related to the Debtor's bankruptcy case based upon the remote and speculative effect it may have on the administration of the Debtor's estate, the Court would nonetheless be inclined to abstain from ruling on the Debtor's Motion pursuant to 28 U.S.C. § 1334(c)(1). *See In re David X. Manners Co., Inc.*, 596 B.R. 217, 226 (Bankr. D. Conn. 2018) ("Under 28 U.S.C. § 1334(c)(1), nothing prevents this Court 'in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.'"). As set forth herein, this proceeding can, and should, be resolved in the state court PJR Action—the state court is the appropriate venue to expeditiously determine the respective rights of the non-debtor parties in the non-estate property under applicable state law.

IV.   CONCLUSION

The instant proceeding does not arise under title 11 because the relief requested in the Debtor's Motion is not based on a provision of title 11—the Bankruptcy Code does not create a substantive right of the Debtor to remit a portion of a non-debtor's assets to a separate non-debtor party where the Debtor has explicitly disclaimed an interest in the assets at issue. The instant proceeding also does not arise in a case under title 11 because the action does not depend on the Debtor's bankruptcy case—the dispute can, and should, be prosecuted in the PJR Action. Lastly, the instant proceeding is not otherwise related to a case under title 11, because the dispute between NAI Elite, Mr. Schnip, and Mr. Lockhart cannot "conceivably" affect the amount of estate property available for distribution for creditors—any remaining Commission will be captured by Mr. Lockhart's Judgment and/or PJR.

For all of the foregoing reasons, this Court finds that it lacks subject matter jurisdiction to order the disbursement of the Commission, or to determine the disputed entitlements thereto. And although the Debtor's Motion asserts that Mr. Lockhart consents to the Bankruptcy Court addressing the issue of the Commission in light of the pending Motion to Dissolve NAI Elite, "[s]ubject matter jurisdiction cannot be conferred on federal courts through consent or waiver." *In re New England Nat., LLC,* 2013 WL 812386 at *23 (Bankr. D. Conn. 2013).

"[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala.*, 168 F.3d at 410. The Court is therefore compelled by 28 U.S.C. §§ 1334 and 157 to hold that it lacks the authority to rule on the Debtor's Motion for Permission to Disburse Commission. Accordingly, the parties' relief must be found in the state court PJR Action from which the prejudgment remedy was issued.

**IT IS SO ORDERED** at Hartford, Connecticut this 25th day of May 2022.



James J. Tancredi
United States Bankruptcy Judge
District of Connecticut